UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD TAYLOR, | : | Case No. 1:08-cv-462 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AWARDING BENEFITS; AND (3) THIS CASE BE CLOSED.**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled," and, therefore, unentitled to a period of disability, disability income benefits and supplemental security income. (*See* Administrative Transcript ("Tr.") 21-31)).

**I. FACTS AND PROCEDURAL HISTORY**

On September 9, 2004, Plaintiff filed an application for disability insurance benefits and an application for supplemental security income, alleging a disability onset date of February 1, 2004. (Tr. 55-57; 481-484). As determined by the ALJ, Plaintiff

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

suffers from a severe combination of impairments: aortic stenosis; lumbosacral spine degenerative disc disease; and obesity. (Tr. 14-15). Plaintiff also suffers from other impairments determined not severe: joint pain in the bilateral hands and knees; sleep apnea; and anxiety. (Tr. 15).

Plaintiff's claims were initially denied on the state agency level on March 8, 2005. (Tr. 28-30). On May 27, 2005, Plaintiff requested reconsideration. (Tr. 31). On reconsideration, Plaintiff's claims were again denied. (Tr. 33-35). On December 7, 2005, Plaintiff requested a hearing *de novo* before an ALJ. (Tr. 36). A hearing was held on September 18, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 493-533).

A number of Plaintiff's medical records were presented for the ALJ's review in determining Plaintiff's disability status. Included among the records were physical assessments of Plaintiff's abilities to perform work related tasks, completed by Plaintiff's treating family practitioner, Dr. William Basedow. (Tr. 415-419). Notably, Dr. Basedow concluded in October 2006, and in March 2007, that, as a result of Plaintiff's impairments, Plaintiff was limited to sitting only two hours per workday. (Tr. 416, 419).

A medical expert, Dr. Wayne B. Wheeler, appeared at the September 18, 2007 hearing and testified. (Tr. 21-32). Dr. Wheeler reviewed Plaintiff's medical records and the physical assessments completed by Dr. Basedow. (Tr. 516). Dr. Wheeler disagreed, at least in part, with Dr. Basedow's physical limitation assessments. (Tr. 523-524).

Specifically, Dr. Wheeler took issue with Dr. Basedow's conclusion that Plaintiff was limited in his ability to sit during the workday. (Tr. 524). Dr. Wheeler believed that insufficient objective medical evidence supported such a limitation. (Tr. 524). As a result, Dr. Wheeler concluded that Plaintiff was able to perform sedentary work. (Tr. 524).

Also present at the hearing was a vocational expert ("VE"), Mr. John F. Williams. (Tr. 515-533). Significantly, the VE testified Plaintiff could perform a number of jobs, such as a telemarketer, dispatcher or surveillance monitor, if he were: able to lift, carry, push and pull ten pounds occasionally and five pounds frequently; able to stand and/or walk in combination up to two hours per workday; able to occasionally stoop, kneel, crouch, or climb ropes and stairs; never able to crawl or climb ladders, ropes or scaffolds; never able to operate automotive equipment, work at unprotected heights or work around hazardous machinery; and able to sit for an unlimited amount of time per workday. (Tr. 530-531). However, the VE further testified that if Plaintiff were only able to sit for two hours per workday, he would be "unemployable." (Tr. 531).

On September 28, 2007, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 9-22). That decision became Defendant's final determination upon denial of review by the Appeals Council on May 9, 2008. (Tr. 5-7).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since February 1, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).

3. The claimant has the following severe combination of impairments: aortic stenosis, stats post 9/27/04 AVR; lumbosacral spine degenerative disc disease; obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the requirements of work activity except as follows: He can lift/carry/push/pull up to 10 pounds occasionally and up to 5 pounds frequently. He can in combination stand and/or walk for up to 2 hours per 8-hour workday. He can only occasionally stoop, kneel, crouch, or climb ramps/stairs. He should not crawl, climb ladders/ropes/scaffolds, operate automotive equipment, work at unprotected heights, or work around hazardous machinery.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 26, 1977 and was 26 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 14-22). In sum, the ALJ concluded that Plaintiff was not disabled and not entitled to a period of disability, disability insurance benefits or supplemental security income payments. (Tr. 22).

On appeal, Plaintiff argues that the ALJ erred by: (1) improperly dismissing the findings of the treating source; (2) failing to properly consider the combined impact of Plaintiff's impairments; (3) not adequately considering his pain and credibility; and (4) making a decision that was not supported by substantial evidence.

## II. STANDARD OF REVIEW

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359,

362 (6th Cir. 1978).

If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted).

### III. ASSIGNMENTS OF ERROR

In his first assignment of error, Plaintiff contends that the RFC assessment of his treating physician, Dr. Basedow, was supported by the record and was wrongly discounted by the ALJ. In his second assignment of error, Plaintiff contends that limitations resulting from a combination of his alleged impairments preclude all productive work. In his third assignment of error, Plaintiff argues that the ALJ erroneously discounted Plaintiff's complaints of pain, or ignored such complaints altogether. Finally, Plaintiff argues that the ALJ's opinion is not supported by substantial evidence and should be reversed, or alternatively, remanded. Because all of Plaintiff's assignments of error are interrelated, in that they assert error in the ALJ's RFC determination, they are addressed simultaneously.

Plaintiff first contends that the ALJ erred in rejecting the RFC determination provided by his treating physician, Dr. Basedow. As a general rule in social security disability cases, opinions of treating doctors are given greater deference than opinions given by non-treating doctors. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). This rule is "commonly known as the treating physician rule." *Id*. (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004)). The rationale behind the treating physician rule is that "treating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[.]'" *Rogers*, 486 F.3d at 242 (citing 20 C.F.R. § 416.927(d)(2)).

If the conclusions of a treating physician are discounted, the ALJ must specifically set forth "good reasons" for doing so. *Rogers*, 486 F.3d at 242. Such reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. (citing Soc. Sec. Rul. 96-2p, at *4). An ALJ's failure to explain "precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243 (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir. 1999)).

In weighing differing medical opinion evidence, an ALJ considers the factors set forth in 20 C.F.R. § 404.1527(d)(2). Under that regulation, "the opinion of a treating physician is entitled to controlling weight if such opinion (1) 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques,' and (2) 'is not inconsistent with the other substantial evidence in [the] case record.'" *Meece v. Barnhart*, 192 Fed.Appx. 456, 460 (6th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(2)).

Here, the ALJ accepted Dr. Basedow's opinions regarding Plaintiff's ability to lift, stand and walk, as well as Dr. Basedow's opinion that Plaintiff could only occasionally stoop and balance. (Tr. 20; 415-417). Further, the ALJ accepted Dr. Basedow's conclusion that Plaintiff had a complete inability to crawl, climb ladders/ropes/scaffolds, and to operate automotive equipment, work at unprotected heights or work around hazardous machinery. (Tr. 20; 415-417).

However, the ALJ refused to accept Dr. Basedow's opinion that Plaintiff was limited to sitting for only two hours per workday. (Tr. 20). The ALJ's refusal to accept such a conclusion was based on the opinion of the medical expert, Dr. Wheeler, who concluded that such a limitation was not supported by objective evidence. (Tr. 19). Further, the ALJ found inconsistencies in Plaintiff's testimony regarding Plaintiff's ability to sit. Specifically, the ALJ determined that:

> Given the relative lack of clinical findings and also given the claimant's varying testimony that he sits all day, sits 2 hours, or sits 1 hour, the undersigned finds the claimants ability to sit is less restricted than the claimant or Dr. Basedow alleges.

(Tr. 19-20). Essentially, the ALJ found no limitation on the number of hours Plaintiff could sit per workday. (Tr. 20; 530).[2]

The ALJ also declined to accept Dr. Basedow's conclusion that Plaintiff was limited in climbing ramps/stairs, kneeling, and crouching. (Tr. 20). According to Dr. Basedow, such conclusions were not supported by the record. (Tr. 20). The ALJ further disregarded Dr. Basedow's opinion that Plaintiff was restricted from working around dust, fumes, chemicals, temperature extremes or humidity because "Dr. Basedow offers no explanation for [these] restrictions[.]" (Tr. 20). Further, the ALJ disregarded Dr. Basedow's opinion that Plaintiff was restricted in reaching, handling and feeling, finding "no basis in the objective evidence or in the claimant's credible testimony" supporting such conclusions. (Tr. 20). Finally, the ALJ disregarded the assertion that Plaintiff needed to lay down several times per day, finding that nothing in the evidence support such a conclusion.[3] (Tr. 20).

In addressing the RFC presented by Dr. Basedow, the VE testified, simply, that Plaintiff would be unemployable if limited to sitting for only two hours per workday. (Tr. 531). Because the ALJ's determination of Plaintiff's ability to sit is the most significant finding contrary to the opinion of Dr. Basedow, such finding is analyzed first because it is determinative of Plaintiff's appeal. (Tr. 20).

---

[2] An RFC determination, completed by the SSA on March 3, 2005, found that Plaintiff was restricted to sitting six hours during the workday. (Tr. 113).

[3] Plaintiff does not challenge the ALJ's finding in this regard.

While a treating physician's opinion must typically be accorded significant weight, such "opinion must be supported by objective medical facts." *Carter v. Comm'r of Soc. Sec.*, 36 Fed.Appx. 190, 191 (citing *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir.1992); *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir.1987); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985)). As a result, an "ALJ is entitled to disregard the treating physician's opinion where it is not supported by clinical findings or medical evidence." *Carter*, 36 Fed. Appx. at 191 (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir.1994)). As noted by the Sixth Circuit, an examining doctor's opinion may be disregarded in favor of a nonexamining doctor's opinion only where the nonexamining doctor "clearly states the reasons for his differing opinion." *Carter*, 36 Fed.Appx. at 191.

Plaintiff argues that the objectively shown bulging discs in his back support his complaints of pain, and thus, Dr. Basedow's RFC determination. As note above, in rejecting Dr. Basedow's conclusion in this regard, the ALJ relied on Dr. Wheeler, a medical expert who never personally examined Plaintiff and merely reviewed Plaintiff's medical records and Dr. Basedow's RFC assessment. (Tr. 19). Specifically, the ALJ relied on Dr. Wheeler's conclusion that no objective evidence supports "Dr. Basedow's opinion that the claimant can sit only 2 hours per day." (Tr. 19; 523-524).

In addressing the objective evidence showing bulging discs in Plaintiff's back, Dr. Wheeler testified that the alleged radiating pain in Plaintiff's back "is typically related to

impingement on a nerve" and that there was no objective evidence showing nerve impingement. (Tr. 520-525). Specifically, Dr. Wheeler testified that:

> Bulging discs are always pointed to by folks as a potential source of back pain. They are also very common in people that don't have back pain but there is no other pathology in [Plaintiff's MRI and CT] that I saw. A mild bulging disc is the best that can be described. It did not indicate it was impinging on a nerve root, or impinging on the spinal column at all.

(Tr. 520, 525). Thus, according to Dr. Wheeler, Dr. Basedow's conclusion regarding Plaintiff's inability to sit more than two hours per workday was unsupported because, without evidence of nerve root impingement, "there is no evidence of a radicular type pain[.]" (Tr. 520-525).

On cross-examination, however, Dr. Wheeler confirmed the existence of an MRI showing "a central left sided impression on the thecal sac." (Tr. 525-526; 474). Dr. Wheeler further confirmed that such an impression on the thecal sac "could be a source of pain." (Tr. 525-526). Despite such evidence of possible pain, Dr. Wheeler remained unconvinced that Plaintiff suffered the degree of pain alleged because only an EMG could show "if the nerve is, in fact, involved." (Tr. 526).

While Dr. Wheeler insisted that an EMG was required to confirm the existence of nerve impingement, he nonetheless confirmed the existence of objective evidence showing a source of Plaintiff's pain. As a result, contrary to the ALJ's determination, there is *some* objective evidence supporting Dr. Basedow's opinion. Further, there is no

evidence in the record supporting the ALJ's conclusion that Plaintiff has an unlimited ability to sit during the workday. Thus, such reason for rejecting the conclusions of Dr. Basedow was not a "good reason."

Further, the ALJ rejected the two hour sitting limitation found by Dr. Basedow after determining that Plaintiff's testimony about his ability to sit was inconsistent. Specifically, the ALJ found that Plaintiff gave "varying testimony that he sits all day, sits 2 hours, or sits 1 hour[.]" A review of the record fails to show any such inconsistency.

Plaintiff testified that he can sit for only two hours at a time (Tr. 508), and that he begins experiencing increased numbness in his legs after approximately one hour of sitting. (Tr. 511). Plaintiff never testified that he "sits all day." Instead, when asked what he does on an average day, Plaintiff merely testified that he "[j]ust stay[s] around the house and lay[s] down or whatever." (Tr. 509). Plaintiff further testified that he lays down because it helps the pain in his back. (Tr. 509-510). Thus, the ALJ's determination that the Plaintiff provided inconsistent testimony about his ability to sit lacks of substantial evidence. Accordingly, the ALJ's assessment of Plaintiff's credibility in that regard was error.

Because there is objective evidence supporting Plaintiff's allegations of pain, and because there is no evidence supporting an unlimited ability to sit during the workday, and because there are no irreconcilable inconsistencies in Plaintiff's testimony concerning his ability to sit, the ALJ failed to give any "good reason" for discounting Dr. Basedow's

opinions. As a result, there is not substantial evidence supporting the ALJ's RFC determination.

Finally, Plaintiff contends that the ALJ erred by failing to consider the combination of his alleged impairments when determining his RFC. Once one severe impairment is found, the combined effect of all impairments must be considered in determining a claimant's RFC, even if the claimant's other impairments are not considered severe. *White v. Comm'r of Soc. Sec.*, 312 Fed.Appx. 779, 787 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1523, 404.1545(a)(2)).

Specifically, Social Security Regulations provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. §§ 404.1523. Further, an ALJ is instructed to consider all of the claimant's "medically determinable impairments[,]" including those which "that are not 'severe,'" when determining a claimant's RFC. 20 C.F.R. § 404.1545(a)(2).

Here, the determination of Plaintiff's threshold arguments renders his further argument moot. A lack of substantial evidence supports the ALJ's rejection of Dr. Basedow's opinion regarding Plaintiff's sitting limitation. Thus, a lack of substantial evidence supports the ALJ's ultimate RFC determination.

-13-

## IV. REVERSAL

When, as here, the non-disability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted.

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky*, 35 F.3d at 1041; *Mowery v. Heckler*, 772 F.2d 966, 973 (6th Cir. 1985). Such is the case here.

Here proof of disability is overwhelming, and remand would simply result in the presentation of cumulative evidence and would serve no purpose other than delay. As set forth above, in view of Plaintiff's assertions of disability, the medical record of evidence of

disability, and the credible and controlling findings and opinions of Plaintiff's treating physician, proof of disability is overwhelming.

## V. CONCLUSION

**IT IS THEREFORE RECOMMENDED THAT:** (1) the decision of the Commissioner denying Plaintiff a period of disability, disability insurance benefits and supplemental security income payments be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**; (2) that this matter be **REMANDED** to the ALJ for an immediate award of benefits; and (3) as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:  August 10, 2009             s/ Timothy S. Black
                                                       Timothy S. Black
                                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD TAYLOR, | : | Case No. 1:08-cv-462 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).